**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-00135-REB

VICKI L. WADE,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed January 22, 2013, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of degenerative disc disease of the cervical spine, asthma, a cognitive disorder related to a traumatic brain injury, anxiety disorder, and mood disorder. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. Following a hearing and adverse determination, the Appeals Council remanded the

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

case for additional development of the record.  A second hearing was held on December 16, 2010.  At the time of this hearing, plaintiff was 49 years old.  She has an eleventh grade education and past relevant work experience as a real estate broker and manicurist.  She has not engaged in substantial gainful activity since August 1, 2005, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform "sedentary light" work with further postural, manipulative, environmental, and non-exertional limitations. Although this determination precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that she could perform.  The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff claims the ALJ's residual functional capacity assessment is not

supported by substantial evidence, that the ALJ failed to properly weigh the various medical source opinions of record, and that he improperly discredited her subjective reports of pain and limitation. Finding no such reversible error in the ALJ's decision, I affirm.

Plaintiff first argues that the ALJ's residual functional capacity assessment is insupportable because it failed to consider the combined impact of all her impairments, both severe and non-severe. At step two of the sequential evaluation process, the ALJ must determine which of the claimant's alleged impairments, if any, are "severe." 20 C.F.R. § 404.1521. An impairment is not considered severe if it is merely a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." **Social Security Ruling 85-28**, 1985 WL 56856 at *3 (SSA 1985). Yet even if an impairment is found not to be severe under this admittedly lenient standard, it still must be considered in combination with all other impairments:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.

20 C.F.R. § 404.1523.

Plaintiff maintains that the ALJ failed to consider the impact of additional impairments supported by the evidence, specifically, chronic pain, chronic headaches,

5

fatigue, problems with her vestibular balance, visual tracking problems, and panic attacks.[2] Such complaints, however, are not properly characterized as impairments themselves – instead, they are symptoms and/or signs of plaintiff's underlying impairments. *See* 20 C.F.R. §§ 404.1528(a) & (b).[3] *See also* **Social Security Ruling 96-4p**, 1996 WL 374187 at *2 (SSA July 2, 1996) ("No symptom or combination of symptoms by itself can constitute a medically determinable impairment."). Moreover, the ALJ clearly did consider these additional signs and symptoms in assessing plaintiff's impairments in his thorough narrative discussion of the evidence. (*See* Tr. 39-45.) In addition, he confirmed that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in accordance with application regulations and rulings. (Tr. 39.) The substance of his opinion gives me no reason to doubt that he did so.[4] *See Cox v. Apfel*, 2000 WL 1472729 at *8 (D. Kan. Feb. 24, 2000) (statement that ALJ considered the "entire record" sufficient when record provides no reason to question its validity) (citing ***Hamilton v. Secretary of Health & Human Services***, 961 F.2d 1495,

---

[2] Although plaintiff also includes in this list depression and anxiety (*see* **Plf. Opening Br.** at 9), the ALJ specifically found that plaintiff's anxiety disorder and mood disorder were severe impairments (Tr. 37.)

[3] Under the Commissioner's regulations, "symptoms" are defined as the claimant's "own description of your physical or mental impairment." 20 C.F.R. § 404.1528(a). "Signs" by contrast "are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. . . . They must also be shown by observable facts that can be medically described and evaluated." *Id.* § 404.1528(b).

[4] Because the ALJ's hypothetical to the vocational expert contained all limitations he properly found to be supported by the record, the vocational expert's testimony was sufficient to sustain the Commissioner's burden at step 5 of the sequential evaluation. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993).

1498-99 (10th Cir. 1992)).[5] I therefore perceive no reversible error on this basis.

Relatedly, plaintiff suggests the ALJ failed to apply the required test for assessing her complaints of pain. The Tenth Circuit has outlined a tripartite test for evaluating subjective complaints of pain:

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Musgrave*, 966 F.2d at 1375-76 (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)). Nevertheless, "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (citing *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id.* at 910; *see also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Contrary to plaintiff's suggestion, the ALJ did not consider only plaintiff's hearing testimony in assessing her credibility. Instead, he compared her testimony to the

---

[5] Plaintiff also claims remand is warranted to clarify the ALJ's opinion that she had a physical residual functional capacity as "sedentary light" work. (*See* Tr. 38.) The genesis of this hybrid category, however, is plain when taken in context. In questioning the vocational expert, the ALJ first posed a hypothetical involving a person able to perform a restricted range of light work, to which the vocational expert identified two possible alternative jobs. The ALJ then changed the hypothetical to assume that the person was capable of only sedentary work. The vocational expert stated that such a person could perform the previously identified position of assembler production, explaining that "[i]t's actually a sedentary position" that was categorized as light because of the production pace that was required. (Tr. 1067-1069.) At step 5, the ALJ explicitly relied on this job in finding that plaintiff was not disabled. (Tr. 46.) I thus perceive no reversible error in this regard. *Bernal v. Bowen*, 851 F.2d 297, 303 (10th Cir. 1988).

objective medical and other evidence of record, noting that objective tests revealed minimal physical findings.  Moreover, he determined that "the medical record as a whole reflects improvement" since plaintiff's alleged date of onset, and specifically recounted the evidence of record that supported that determination.  (Tr. 40-45.)  Although there is no doubt that plaintiff continues suffer from pain and other effects of her impairments, "disability requires more than mere inability to work without pain."  ***Brown v. Bowen***, 801 F.2d 361, 362–63 (10th Cir. 1986) (citation and internal quotation marks omitted); ***see also Qantu v. Barnhart***, 72 Fed. Appx. 807, 811 (10th Cir. 2003) ("We emphasize that a claimant's inability to work pain-free, standing alone, is not sufficient reason to find her disabled.").  The ALJ gave good reasons, specifically tied to the evidence of record, for discrediting plaintiff's subjective complaints and his determination therefore is entitled to deference.  Thus, remand is not warranted on this basis either.

Lastly, plaintiff argues that the ALJ erred in the manner in which he weighed the various medical source opinions of record.  Specifically, she maintains that the ALJ failed to give good reasons for accepting the opinion of the medical expert who testified at the hearing, Dr. John F. Simonds, over that of her treating sources, Dr. Barry Alexander, a psychologist, and Dr. Lynn Parry, a neurologist.[6]  I cannot concur.

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is

---

[6] The record clearly belies plaintiff's suggestion that the ALJ rejected without adequate explanation the rehabilitation assessment report performed in May 2008.  (Tr. 802-814.)  The ALJ noted specifically that the report was not authored by an acceptable medical source and therefore was entitled to no special weight, ***see Weaver v. Astrue***, 2009 WL 3838280 at *3 (10th Cir. Nov 18, 2009); ***Frantz v. Astrue***, 509 F.3d 1299, 1301 (10th Cir. 2007), and that opinions expressed therein addressed the ultimate determination of residual functional capacity, an administrative decision reserved to the Commissioner in any event, 20 C.F.R. § 404.1546; ***Rutledge v. Apfel***, 230 F.3d 1172, 1175 (10th Cir. 2000).  (***See*** Tr. 44.)

not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. *Watkins*, 350 F.3d at 1301. Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). [7]

The ALJ here gave "minimal" weight to both Dr. Parry's physical residual functional capacity assessment (Tr. 793-798)[8] and Dr. Alexander's mental residual functional capacity assessment (Tr. 799-801). The ALJ gave specific, legitimate reasons for these decisions. He noted that Dr. Parry's sitting and postural limitations were not supported by the record, which showed that plaintiff could sit at a computer for two or more hours at a time. He also thoroughly reviewed Dr. Parry's treatment notes,

---

[7] Even when a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." **Social Security Ruling** 96-2p, 1996 WL 374188 at *4 (SSA July 2, 1996). *See also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). These factors include:

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

20 C.F.R. § 404.1527(c)(2)-(6). Contrary to plaintiff's argument, however, the ALJ is not required to discuss each of these factors as a litany. *See Mestas v. Astrue*, 2010 WL 3604395 at *3 (D. Colo. Sept. 7, 2010). The ALJ's suggestion that he considered all factors is sufficient to substantiate the conclusion that he discharged his responsibility in this regard, at least insofar as the record suggests no reason to dispute that assertion. *See Cox*, 2000 WL 1472729 at * 8.

[8] By contrast, the ALJ gave "[g]reat weight" to Dr. Parry's assessment of plaintiff's mental residual functional capacity. (Tr. 43, 790-792.)

which adequately support his conclusion that plaintiff's condition, although not entirely resolved, had improved over time and that plaintiff gradually had become able to engage in more activity over the course of her treatment with Dr. Parry. (Tr. 40-42.) Likewise, with respect to Dr. Alexander's opinion, the ALJ noted that the doctor's treatment notes established that plaintiff's condition had been "largely stable with treatment . . . with prognosis as satisfactory," which did not support the marked degree of limitation suggested by Dr. Alexander. (Tr. 43, 896-924.) He thus articulated good cause for the extenuated weight assigned to these opinions. *Frey*, 816 F.2d at 513.

Similarly, I perceive no reversible error in the ALJ's determination to afford the greatest weight to the medical expert, Dr. Simonds. Despite the deference usually afforded treating source opinions, they are not sacrosanct, and "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996). The ALJ noted properly that Dr. Simonds had the benefit of reviewing the entirety of the medical record, including the treating source assessments, and the ALJ found his opinion to be the most consistent with the evidence. (Tr. 45.) This determination was supported by the ALJ's citation to and analysis of the record, which is borne out by my own review of the evidence. While there is no question but that the evidence in this case, which was voluminous, could have been interpreted differently, ultimately, the ALJ properly fulfilled his role to resolve conflicts in the evidence. *See Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988);

*Gleason v. Apfel*, 1999 WL 714172 at *4 (D. Kan. Sept. 1, 1999).  "The substantial-evidence standard does not allow [the court] to displace the agencies' choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."  *Lax v. Astrue*, 489 F.3d 1080, 1088 (10th Cir. 2007) (citation and internal quotation marks omitted).  For these reasons, I find and conclude that the disability determination must be affirmed.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 17, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge